**GRACE COMMUNITY CHURCH,**
Appellant

v.

**Fred GONZALES, D/B/A Alamo**
**Contractors, Appellee.**

**No. C14–92–00357–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 1, 1993.

David Walker, Houston, for appellant.

Charles M. Kinsey, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

BOWERS, Justice.

Appellant, Grace Community Church, appeals from a judgment in favor of appellee, Fred Gonzales, d/b/a Alamo Contractors Co., in the amount of $8,350.00 plus prejudgment interest in the amount of $1,628.25. In two points of error, appellant complains the trial court erred in rendering judgment against appellant because there is no evidence of a contractual relationship between appellant and appellee, and because the evidence is insufficient to support the judgment. We affirm.

■ Neither party provided this court with a summary of the statement of facts in their briefs. In addition, findings of fact or conclusions of law were not filed. This complicated our addressing appellant's contentions. When findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Schoeffler v. Denton*, 813 S.W.2d 742, 744–45 (Tex.App.—Houston [14th Dist.] 1991, no writ). We, therefore, place this case in its proper context by setting forth a summary of the statement of facts.

Grace Community Church (Grace) hired R.L. Gould as a general contractor to build a church. Gould, in turn, entered into a contract with appellee, Fred Gonzales, d/b/a Alamo Contractors (Gonzales), to build a new roof for the church. Gonzales and Gould agreed upon $18,500.00 as the contract price. Grace did not sign the contract between Gould and Gonzales.

Gonzales began working on the roof on June 2, 1989. On June 30, 1989, Gould began doing other work in the roof area and asked Gonzales to stop working on the roof. At that time, the roof was 90% complete and the only work Gonzales needed to do was lay down gravel and pour asphalt on top.

Gould made two payments to Gonzales. The first payment, in the amount of $1,700.00 was made on June 30, 1989. The second payment, in the amount of $7,500.00 was made on July 21, 1989. The balance due on the contract was $9,300.00.

On August 2, 1989, a hurricane hit the area. The back church wall and a section of scaffolding were destroyed. The front part of the roof was rolled back and there was wind damage. Gonzales did not do any more work on the roof. Grace's insurance company reimbursed Grace for damages to the church, including the damage to the roof. Gould and Grace refused to pay Gonzales for the work he had completed on the roof before the hurricane. The trial court found Grace and Gould jointly and severally liable for 90% of the balance due on the contract. Grace appeals the trial court's judgment.

In its first point of error, Grace contends that there was no evidence of a contractual relationship between Grace and Gonzales. Appellant argues it did not sign the contract, nor was it a party to any oral agreement between Gould and Gonzales. Appellant argues it can not be held liable unless Gonzales proves privity of contract or establishes other circumstances that would render Grace liable. Grace then contends that Gonzales can only prevail if Gould was acting as an agent for Grace.

■ In deciding a "no evidence" point of error, this court will consider only the evidence and inferences that support the challenged findings, and will disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). If there is more than a scintilla of evidence to support the findings, the "no evidence" challenge can not be sustained. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987).

■ The associate pastor for Grace testified that Gould had been hired as a general contractor to supervise the construction of the project. The total cost of the land and construction of the building was approximately four million dollars. Gould was paid a salary of $80,000.00, and was not paid a portion of the total cost of the project. The associate pastor further testified that Gould was given the authority to hire

**680**

subcontractors, direct their work, and negotiate the contract with Gonzales.

 An "agent" is one who is authorized by another to transact business or manage some affair. *Augusta Development Co. v. Fish Oil Well Servicing Co., Inc.*, 761 S.W.2d 538, 543 (Tex.App.–Corpus Christi 1988, no writ). The agency relationship does not depend on express appointment or assent by the principal; rather it may be implied from the conduct of the parties under the circumstances. *Jorgensen v. Stuart Place Water Supply Corp.*, 676 S.W.2d 191, 194 (Tex.App.–Corpus Christi 1984, no writ). An agent acting within the scope of his apparent authority binds the principal as though the principal itself had preformed the action taken. *Ames v. Great Southern Bank*, 672 S.W.2d 447, 450 (Tex.1984).

Gould was an agent for Grace. Grace gave Gould actual authority to hire Gonzales. Gould contracted with Gonzales to install a roof on the church for $18,500.00, thereby binding Grace to the contractual agreement. We find there is evidence that a contractual relationship between Grace and Gonzales existed. We overrule appellant's first point of error.

In its second point of error, Grace argues that the evidence is factually insufficient to support the judgment. When factual insufficiency of the evidence is alleged, this court must examine and weigh all of the evidence. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986). We will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

Appellant argues that the trial court must have implicitly found the existence of an agency relationship between appellant and Gould, and that in examining all of the evidence in the record, it is clear that no such agency relationship existed. We disagree. As discussed in appellant's first point of error, we find that an agency relationship between Gould and Grace existed. We overrule appellant's second point of error.

Accordingly, we affirm the judgment of the trial court.