**Maria DEL CARMEN FLORES et al., Plaintiffs,**

v.

**SUMMIT HOTEL GROUP et al., Defendants.**

**No. EP–06–CA–256–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Sept. 19, 2006.

John A. Wenke, Attorney at Law, El Paso, TX, for Plaintiffs.

Charles C. High, Jr., Kemp, Smith, Duncan & Hammond, P.C., El Paso, TX, for Defendants.

## *ORDER DENYING DEFENDANT GABRIEL AYUB'S MOTION TO DISMISS AND GRANTING PLAINTIFFS' MOTION TO REMAND*

MARTINEZ, District Judge.

On this day, the Court considered: (1) Defendant Gabriel Ayub's ("Ayub") "Motion to Dismiss as Improperly Joined" ("Motion to Dismiss"), filed on July 24, 2006; (2) Plaintiffs Maria Del Carmen Flores, Mirna Vega, Margarita Robles, and Leonido Garcia's (collectively "Plaintiffs") "Response to Defendant Gabriel Ayub's Motion to Dismiss as Improperly Joined" ("Response"), filed on August 11, 2006; (3) Plaintiffs' "Motion to Remand," filed on August 11, 2006; and (4) Defendants The Summit Group, Inc. ("Summit") and Ayub's (collectively "Defendants") "Opposition to Remand" ("Opposition"), filed on August 22, 2006 in the above-captioned cause. After due consideration, the Court is of the opinion that Ayub's Motion to Dismiss should be denied and Plaintiffs' Motion to Remand should be granted for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are former employees of the Hampton Inn and Suites in El Paso, Texas ("the hotel"). Pls.' Orig. Pet. ¶ 9. Ayub was the general manager of the hotel. *Id.* ¶¶ 10, 12. On July 29, 2005, Ayub informed all current hotel employees whether they would be eligible for employment with the hotel's new owner. Pls.' Resp. 2. Plaintiffs were specifically informed that they were not eligible for rehire, and their employment was terminated. Pls.' Orig. Pet. ¶¶ 11–16. On approximately August 1, 2005, Summit completed its purchase of the hotel. Pls.' Resp., Decl. of Lori Richards ¶ 2.

On June 12, 2006, Plaintiffs filed their Original Petition in County Court at Law Number 3 in El Paso County, Texas. Pls.' Orig. Pet. 1. Plaintiffs allege that they were not rehired because Summit unlawfully retaliated against them and because Ayub and Hampton Inns, Inc. interfered with their prospective employment contracts with Summit. *Id.* ¶¶ 18–23; Pls.' Resp. 2. On July 24, 2006, Defendants removed the case from the Texas state court to the United States District Court for the Western District of Texas based on diversity jurisdiction. Defs.' Notice of Re-

moval 1. Plaintiffs are all citizens of Texas. *Id.* at 2. Summit is a South Dakota corporation with its principal place of business in South Dakota. *Id.* Defendants contend that Hampton Inns, Inc. does not exist.[1] Ayub's Mot. to Dismiss 2. However, Ayub is a citizen of Texas. Defs.' Notice of Removal 2. Thus diversity of citizenship only exists if the Court disregards the citizenship of Ayub. Defendants contend that Ayub's citizenship can be ignored because he was improperly joined as a party, as "there is no possibility the Plaintiffs will be able to establish a cause of action against him." *Id.* Plaintiffs argue that a valid claim lies against Ayub for tortious interference with a contract, and that the case should therefore be remanded to state court. Pls.' Mot. to Remand 5. Accordingly, the issue presently before the Court is whether Plaintiffs improperly joined Ayub to defeat removal and diversity jurisdiction.

## II. STANDARD

■ When plaintiffs choose to file suit in state court, defendants may remove the case to federal court if there is complete diversity of citizenship among the parties involved and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441(a). However, federal jurisdiction based on diversity is improper if "any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. Therefore, where defendants seek removal on the basis of diversity but non-diverse defendants are present in the case, the defendants must show that

complete diversity exists by demonstrating that the plaintiff has improperly joined the non-diverse defendants. A removing party can establish improper joinder by showing either (1) actual fraud in a plaintiff's pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendants in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003). Because Defendants have not alleged actual fraud in Plaintiffs' pleading of jurisdictional facts, only the latter method of establishing improper joinder is before the Court.

■ In determining whether Plaintiffs are able to establish a cause of action against Ayub, the Court must determine whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir.2004) (en banc). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 573. The removing party must prove improper joinder by clear and convincing evidence, *Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir.1990), and "all disputed questions of fact and all ambiguities in state law must be resolved in favor of the plaintiff," *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir.2004).

## III. ANALYSIS

■ To prevail on a claim for tortious interference with a contract under Texas

---

1. In their original petition, Plaintiffs asserted that process could be served on Hampton Inns, Inc. through its "registered agent, Corporation Service Company D/B/A +" in Austin, Texas. Pls.' Orig. Pet. ¶ 3. Service was effected on Corporation Service Company D/B/A + on July 3, 2006. Defs. Notice of

Removal, Attached State Filings. On July 21, 2006, Summit and Ayub filed an original answer. To date, Hampton Inns, Inc. has not filed an answer or otherwise appeared. Plaintiffs do not contest or otherwise address Defendants' contention that Hampton Inns, Inc. does not exist.

law, a plaintiff must establish: "(1) the existence of a contract subject to interference; (2) willful and intentional interference; (3) interference that proximately caused damage; and (4) actual damage or loss." *Powell Indus., Inc. v. Allen,* 985 S.W.2d 455, 456 (Tex.1998). But it is clear that a party cannot tortiously interfere with its own contract. *Holloway v. Skinner,* 898 S.W.2d 793, 795 (Tex.1995). This rule extends to preclude agents from being held liable for tortiously interfering with their principal's contracts, as actions of the agent are deemed to be the principal's acts.[2] *Id.* Accordingly, a showing that Ayub was acting as an agent of Summit when he took the actions underlying this cause would preclude him from personal liability for tortious interference.

■■■■ "An 'agent' is one who is authorized by another to transact business or manage some affair." *Grace Cmty. Church v. Gonzales,* 853 S.W.2d 678, 680 (Tex.App.—Houston [14th Dist.] 1993, no writ). In assessing the existence of an agency relationship, Texas courts generally apply the "right to control" test. *See Royal Mortgage Corp. v. Montague,* 41 S.W.3d 721, 733 (Tex.App.—Fort Worth 2001, pet. denied). Under this test, "[t]he defining feature of the agency relationship is the principal's right to control the actions of the agent." *Schott Glas v. Adame,* 178 S.W.3d 307, 315 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). An agency relationship exists when the principal can control "the end sought to be accomplished" as well as "the means and details of the accomplishment." *Schott Glas,* 178 S.W.3d at 315. Without such complete control, Ayub may have been an indepen-

dent contractor, but he would not have been an agent. *Id.*

■■■■ ■■■■ "Whether an agency relationship exists is generally a question of fact," *id.,* and in a motion to dismiss for improper joinder "all disputed facts ... must be resolved in favor of the plaintiff," *Gray ex rel. Rudd,* 390 F.3d at 405. It is far from clear that Summit possessed the requisite degree of control over Ayub's actions. While Ayub may not have been acting purely in his own interests, a party is not an agent simply because he acts on behalf of another. *Happy Indus. Corp. v. Am. Specialties, Inc.,* 983 S.W.2d 844, 852 (Tex. App.-Corpus Christi 1998, pet. dism'd w.o.j.); *Walker v. Fed. Kemper Life Assurance Co.,* 828 S.W.2d 442, 452 (Tex. App.-San Antonio 1992, writ denied). Defendant indicates that it is Summit's custom in purchasing hotels to work with the seller and its managerial staff, and that the seller's managerial staff obtains employment applications and reviews them according to guidelines provided by Summit. Defs.' Opp'n to Remand, Supp. Decl. of Lori Richards. Managers are then authorized to make employment offers on Summit's behalf. *Id.* Summit essentially asks the Court to infer from the parties' conduct that Ayub was acting at Summit's direction and on its behalf when he informed individual employees, including Plaintiffs, of their employment status. While an agency relationship need not be expressed or contractual, but may instead be implied from the parties' conduct, *Orozco v. Sander,* 824 S.W.2d 555, 556 (Tex. 1992), the Court nonetheless is not prepared to infer an agency relationship here.

---

**2.** An exception exists to this general preclusion from liability where a plaintiff establishes that the agent's actions were *solely* in furtherance of his own personal interests. *See Holloway,* 898 S.W.2d at 796; *COC Servs., Ltd. v.*

*CompUSA, Inc.,* 150 S.W.3d 654, 675 (Tex. App.—Dallas 2004, pet. denied). The Court does not address this exception as no party has suggested that it applies to the present case.

■ Texas law indicates that "[a]n agency relationship can arise only at the will and by the act of the principal, and its existence is always a fact to be proved by tracing it to some act of the alleged principal." *Thermo Prods. Co. v. Chilton Indep. Sch.,* 647 S.W.2d 726, 732 (Tex.App.—Waco 1983, writ ref'd n.r.e.). Defendant has produced evidence indicating Summit's general practice of working with a seller's managerial staff, and a statement that Ayub was acting as Summit's agent and in its interests. Defs.' Opp'n to Remand, Supp. Decl. of Lori Richards. But it is uncontroverted that on July 29, 2005, Ayub was not yet Summit's employee, but rather he was still an employee of the seller's. Pls.' Mot. to Remand 2; Defs.' Opp'n to Remand 1–2. Ayub was apparently acting on Summit's behalf, but Defendants merely indicate that it was Summit's custom in purchasing a hotel to provide the current manager with "guidelines" by which to evaluate employment applications. Defs.' Opp'n to Remand, Supp. Decl. of Lori Richards ¶ 3. Summit may have had some control over "the end to be accomplished," but it is not clear that Summit exercised the requisite degree of control over Ayub through their control of "the means and details of the accomplishment." *See Schott Glas,* 178 S.W.3d at 315.

■ Having reviewed the evidence and arguments presented by the parties, the Court finds that the existence of an agency relationship between Ayub and Summit remains a disputed question of fact. While the evidence before the Court does not conclusively establish whether Ayub was acting as Summit's agent, the Court's "inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Smallwood,* 385 F.3d at 574. The Court need not pretry the entire cause to resolve this issue, as such disputed questions must be resolved in favor of the plaintiff in a motion to dismiss for improper joinder. *Gray ex rel. Rudd,* 390 F.3d at 405; *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir.2000). Thus, for the purposes of Defendant's Motion to Dismiss, the Court assumes that Ayub was not acting as an agent of Summit on July 29, 2005 when he informed Plaintiffs that they would not be rehired by Summit. A claim for tortious interference with contract *may* lie against Ayub, and thus there exists a reasonable basis by which Plaintiffs could recover from him. The Court concludes that Defendants have not met the heavy burden of demonstrating that Ayub was improperly joined. Accordingly, Defendants having failed to prove improper joinder, "diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *See Smallwood,* 385 F.3d at 575.

## IV. CONCLUSION

Based on the foregoing legal principles and analysis, the Court concludes that Defendant Gabriel Ayub was properly joined as a party. Since complete diversity does not exist between Plaintiffs and Defendants, removal from the Texas state court was improper, and Plaintiffs' "Motion to Remand" should be granted pursuant to 28 U.S.C. § 1447.

Accordingly, **IT IS ORDERED** that Defendant Gabriel Ayub's "Motion to Dismiss as Improperly Joined" (Docket No. 3) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs Maria Del Carmen Flores, Mirna Vega, Margarita Robles, and Leonido Garcia's "Motion to Remand" (Docket No. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned cause is **REMANDED** to County Court at Law Number 3, El Paso County, Texas.

IT IS FURTHER ORDERED that all pending motions, if any, are **DENIED AS MOOT.**

IT IS FINALLY ORDERED that the Clerk of the Court shall close this matter.