ACCEPTED
01-14-00815
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/20/2015 8:38:27 AM
CHRISTOPHER PRINE
CLERK

**01-14-00815-CR**

**IN THE FIRST COURT OF APPEALS AT HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/20/2015 8:38:27 AM
CHRISTOPHER A. PRINE
Clerk

**MUHAMMAD SAADAN AHSAN**

**v**

**STATE OF TEXAS, APPELLEE**

**APPEALED FROM THE 228th JUDICIAL DISTRICT COURT
HARRIS COUNTY, TEXAS**

**BRIEF OF APPELLANT, MUHAMMAD SAADAN AHSAN**

/s/ Gene P. Tausk_____
**Gene P. Tausk
TBN: 24003035
1221 Studewood St.
Houston, TX 77008
(713) 429-5476
(713) 490-3150 (fax)
gene@tauskvega.com**

**ATTORNEY FOR APPELLANT,
MUHAMMAD AHSAN**

**APPELLANT REQUESTS AN ORAL HEARING ON THIS BRIEF**

# TABLE OF CONTENTS

Identity of Parties and Counsel ...……………………………………………iii

Index of Authorities ...…………………………………………………….v

Statement of the Case ..…………………………………………………...1

Statement Regarding Oral Hearing...…………………………………….2

Statement of Jurisdiction ……...………………………………………...2

General Statement-Standards of review ….…………………...……………2

Issues Presented ………………………………………………………3

First Point of Error ………...……………………………………..3

Statement of Facts..…………………………………………………3

Summary of the Argument ………………………………………….4

Argument …………………………………………………………...5

First Point of Error: The State of Texas intentionally provoked a mistrial
in this matter and a retrial of Ahsan is therefore not possible………………...5

Conclusion and Summary …………………………………………...19

Prayer…………………………………………………………………...20

Certification of Service…………………………………………………21

Certificate of Compliance…………………………………………....21

**IN THE FIRST COURT OF APPEALS AT HOUSTON, TEXAS**

**EX PARTE MUHAMMAD SAADAN AHSAN**

**APPEALED FROM THE 228th JUDICIAL DISTRICT COURT
HARRIS COUNTY, TEXAS**

**BRIEF OF APPELLANT, MUHAMMAD SAADAN AHSAN**

**IDENTITY OF PARTIES AND COUNSEL**

Pursuant to the Texas Rules of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below:

*Counsel for the State:*

Defendant/Appellee:          Muhammad Saadan Ahsan

Trial Counsel for Defendant:    Jed Silverman
TBN: 24013511
1221 Studewood St.
Houston, TX  77008
(713) 226-8800

Steve Gonzalez
TBN: 90001622
1520 E. Highway 6
Alvin, TX 77511
(281) 585-1999

Appellate Counsel for Appellant:

Gene P. Tausk
Tausk & Vega
TBN: 24003035
1221 Studewood St.

Houston, TX  77008
(713) 429-5476
(713) 490-3150 (fax)


Plaintiff/Appellee  :                The State of Texas


Trial Counsel for Appellee:          Holly Radom
                                     Harris County District Attorneys' Office
                                     1201 Franklin St, Ste 600
                                     Houston, TX  77002
                                     (713) 755 5800



Appellate Counsel for Appellee:



                                     Harris County District Attorneys' Office
                                     Appellate Division
                                     1201 Franklin St., Ste 600
                                     Houston, Texas  77301
                                     (713) 755-5800



Trial Judge:                         The Honorable Mark Carter

# INDEX OF AUTHORITIES

## Cases

*Bauder v. State*, 921 S.W.2d 686, 699 (Tex.Crim.App. 1996)……...…..…..….…4, 14

*Bowen v. State,* 131 S.W. 3d 505 (Tex.App.—Eastland, 2004)……..…....……15, 18

*Grace Cmty Church v. Gonzalez*, 853 S.W.2d 678, 680 (Tex.App.—Houston [14th Dist.] 1993, no writ)………………………...……………………..12

*Oregon v. Kennedy*, 456 U.S. 667 (1982)………………..…..…..…….7, 13, 14, 15

*United States v. Dinitz*, 424 U.S., at 611, cited in *Oregon v. Kennedy*, 456 U.S. 667 (1982)………………………………………………….....15

## Statutes and Constitutional Provisions

Texas Rules of Appellate Procedure Section 25.2………………………..………….2

Texas Code of Criminal Procedure article 44.02………………………….........…2

Texas Code of Criminal Procedure article 44.25………………………….........…2

Tex. Const. Amend. 5, art. 1, § 10……………………….………………….6

U. S. Const., Amend. 5, art. 1, § 10……………………………...………….6

U.S.C.A. Const. Amend 5., Vernon's Ann. Texas Const. Art. 1, section 14, *cited in*: *Bowen v. State,* 131 S.W. 3d 505 (Tex.App.—Eastland, 2004)…………..15

01-14-00815-CR

IN THE FIRST COURT OF APPEALS AT HOUSTON, TEXAS

EX PARTE MUHAMMAD SAADAN AHSAN


APPEALED FROM THE 228th JUDICIAL DISTRICT COURT
HARRIS COUNTY, TEXAS

BRIEF OF APPELLANT, MUHAMMAD SAADAN AHSAN

Appellant, Muhammad Saadan Ahsan ("Ahsan") submits this Brief to this Honorable Court.  Appellee is the State of Texas ("State").  This is an interlocutory appeal of Ahsan invoking double jeopardy.

TO THE HONORABLE JUSTICES OF THE 1st COURT OF APPEALS:

Appellant Ahsan respectfully asks this Honorable Court to reverse the decision of the Honorable Mark Carter of the 228th Judicial District Court who did not approve Ahsan's motion to invoke double jeopardy and thus prevent another trial in this matter.

STATEMENT OF THE CASE

This is a case involving the crime of Assault on a Family Member which was tried beginning on or about February 18, 2014.  During the course of the trial, one of the State's witnesses, Officer Dustin Crowder, stated that Ahsan did not want to give a statement to the police.  This was a violation of Ahsan's Constitutional rights against self-incrimination and, as such, a mistrial was declared.  Ahsan later asked

1

the 228th Judicial District Court to declare that because of this statement, a retrial was not possible because of Double Jeopardy violations. The Honorable Mark Carter, presiding judge of the 228th, denied this request on or about November 5, 2014.

The pertinent proceedings of the trial can be found in Volume 2 of the Reporter's Record ("RR").

## STATEMENT REGARDING ORAL ARGUMENT

Ahsan respectfully requests that this Honorable Court allow oral arguments on this matter at a time and date to be set by the Court.

## STATEMENT OF JURISDICTION

This Honorable Court has jurisdiction over this matter pursuant to the Texas Rules of Appellate Procedure Section 25.2.

## GENERAL STATEMENT-STANDARDS OF REVIEW

As per article 44.02 of the Texas Code of Criminal Procedure, a defendant in any criminal action has the right of appeal. As per article 44.25 of the Texas Code of Criminal Procedure, the courts of appeals or the Court of Criminal Appeals may reverse the judgment in a criminal action as well as upon the law as upon the facts of the case.

**FIRST POINT OF ERROR**

There is only one point of error in these proceedings: was the trial court Judge correct in denying Ahsan's Motion Invoking Double Jeopardy on or about November 5, 2014?

**STATEMENT OF FACTS**

1. Muhammad Saadan Ahsan, your Appellant, was charged with Assault on a Family Member – Impeding Breathing on or about February 8, 2012.

2. This case was taken to trial on or about February 18, 2014.

3. The Defendant appeared with Counsel Jed Silverman and Steve Gonzalez. The state was represented by an Assistant District Attorney from the State of Texas.

4. Both parties announced ready for trial and a jury was selected and empaneled.

5. As a result of conduct occurring during trial, this Honorable Court granted a Motion for Mistrial.

6. Specifically, during the course of the trial, one of the State's witnesses (if not the "star" witness), Officer Dustin Crowder, stated in front of the jury while being question by Steve Gonzalez that Ahsan did not want to give a statement to the police.

7. Upon hearing this statement, the Assistant District Attorney in this mater, Ms. Holly Radom, immediately objected.

8. The 228th Judicial District Court decided that your Appellant's rights against self-incrimination had been violated by Officer Crowder's statement and a mistrial was declared.

9. Your Appellant filed a Writ invoking Double Jeopardy arguing that a retrial was not possible. The 228th denied this Writ and a Findings of Fact and Conclusions of Law was signed by the Honorable Mark Carter on or about November 5, 2014.

10. Your Appellant files this appeal under the standards first defined in the State of Texas by and through the *Bauder* line of cases which has now been narrowed by the Court of Criminal Appeals to prevent re-trials when it has been shown that the prosecutor engaged in conduct that was intended to provoke the defendant into moving for a mistrial.

11. This case was properly appealed and is awaiting a decision from this Honorable Court.

### SUMMARY OF THE ARGUMENT

With respect to the Honorable Mark Carter, he erred in not signing the Writ Invoking Double Jeopardy and allowing a retrial of Your Appellant. It is the position of Ahsan that the conduct of Officer Crowder was a deliberate attempt to force a mistrial in this matter. When Government conduct exists in forcing a mistrial, as Your Appellant argues exists in this situation, then double jeopardy is invoked and a retrial is not possible under the Constitution of the United States and the Texas Constitution. Evidence demonstrates that the Government, in this case a State agent, namely Officer Crowder, intentionally provoked a mistrial in this matter and, as such, a retrial of Ahsan is not possible.

**ARGUMENT**

**FIRST POINT OF ERROR: THE STATE OF TEXAS INTENTIONALLY PROVOKED A MISTRIAL IN THIS MATTER AND A RETRIAL OF AHSAN IS THEREFORE NOT POSSIBLE.**

The evidence in the trial portion of the case shows that, during trial, Officer Dustin Crowder, a State witness, violated the Constitutional rights of Your Appellant and, as such, a mistrial was declared. Specifically, during the trial, Officer Crowder stated in front of the jury while being questioned by Mr. Steve Gonzalez (during cross-examination) that Ahsan did not want to give a statement to the police (RR, vol. 2, p. 101, lines 19-25).

Jed Silverman, co-counsel with Steve Gonzalez,, with the permission of this Honorable Court, immediately took Officer Crowder under voir dire examination after this statement was made. During this voir dire examination, Silverman asked Officer Crowder (a five year police veteran), if Crowder was familiar with the Miranda warnings. Officer Crowder, of course, answered that he was. Officer Crowder was able to repeat the Miranda warnings verbatim into the record (RR, vol. 2, p. 105, lines 1-15, p. 106, lines 1-2). Officer Crowder stated under voir dire questioning that he stated to the jury that Your Movant chose the right to remain silent (RR, vol. 2, p. 106, lines 11-14). Specifically, during voir dire questioning, Officer Crowder stated that he was simply trying to show that he was offering Your

5

Appellant the ability to make a statement (if Ahsan wanted to make a statement). RR, vol. 2, p. 107, lines 1-17).

Upon hearing this statement, the Assistant District Attorney on this matter, Ms. Holly Radom, immediately objected (RR, vol. 2, p. 101, line 24). The Honorable Judge Carter, at this point, allowed all counsel to approach the bench. Counsel for Your Appellant, Mr. Jed Silverman, made an objection pursuant to the United States Constitution, Article 1, Section 10. (RR, vol. 2, p. 102, lines 15-22). We note that the Honorable Judge removed the jury from the courtroom at this time.

Mr. Silverman made the following specific objection:

"The defense is going to object at this point in time pursuant to the Fifth Amendment of the United States Constitution, Article 1, Section 10. The witness has intentionally rung the bell. That's exactly what he has done. He has commented on Mr. Ahsan invoking his Fifth Amendment Privilege."

*Id*.

"My position is that this witness (Officer Crowder) has intentionally rung the bell. He has commented on Mr. Ahsan invoking his Fifth Amendment Privilege. An experienced police officer knows better. We're going to object at this point in time pursuant to the Fifth Amendment, Article 1, Section 10 of the Texas Constitution. There's no cure of instruction that's going to remedy what he's done and defense is going to move for a mistrial."

RR, vol. 2, p. 103, lines 4-13.

While being questioned by this Honorable Court, Mr. Silverman and Mr. Gonzalez stated that Mr. Gonzalez's questioning of Officer Crowder was not

6

intended to produce a result where Officer Crowder would state that Your Movant intended to give a statement (RR, vol. 2, p. 108-109, lines 14-25 and 1-9). Crowder did this on his own without any prompting from Mssrs. Silverman and Gonzalez. Silverman and Gonzalez argued that this statement from Officer Crowder meant a mistrial must be granted.

In the end, this Honorable Court agreed with Mssrs. Silverman and Gonzalez in that once the "bell had been rung" by Officer Crowder, specifically that Officer Crowder stated that Your Appellant did not wish to make a statement to the police, it could not be "unrung." Further, any limiting instruction would simply draw attention to the statement and therefore, the only legal and rational remedy would be a mistrial (RR vol. 2, p. 112, lines 1-12). In summary, because of the actions of Officer Crowder, and specifically because of Officer Crowder's violation of Your Appellant's Constitutional rights against self-incrimination, a mistrial was granted. Respectfully, this is not in dispute.

Ahsan states, respectfully, that it was because of the actions of the State that a mistrial was declared in the first place and, as such, it would be a violation of Your Movant's Constitutional rights against double jeopardy, as defined by the findings in *Oregon v. Kennedy*. See in general: *Oregon v. Kennedy,* 456 U.S. 667 (1982). It was the State's actions, and **only** the State's action, that forced Silverman to move for a mistrial.

Respectfully, it is Ahsan's position that Officer Crowder knew that the State was losing this trial. Officer Crowder was forced to admit, under the penalties of perjury (because he was on the stand testifying), that he had "botched" several key areas of the case which was leading to a situation where the jury would understand that there were serious issues with the arrest and prosecution of Ahsan which ultimately would lead to the State's losing the case. It is Ahsan's position that Officer Crowder realized during the course of the trial that, because of his action, the State would lose this trial and, therefore, Officer Crowder caused a mistrial through his statement.

The State's problems with Officer Crowder began when Holly Radom began asking Officer Crowder a series of questions beginning on or about page 18, volume 2 of the Reporter's Record, which were not designed to elicit any real useful testimony from Officer Crowder. Beginning on page 18, Ms. Radom began asking Officer Crowder a series of questions regarding Officer Crowder's actions on the case which is the subject matter of this Appeal (RR vol. 2, page 18, line 19). Later in the direct questioning, Ms. Radom asked Officer Crowder as to whether the complaining witness in the case ever offered an alternative claim as to why her breathing was impeded (RR vol. 2, page 18, lines 22-24). This series of questions by Ms. Radom produced no real testimony of merit from Officer Crowder. These

questions from Ms. Radom never addressed the issues of the complaint which formed the heart of the State's problems.

However, during the cross-examination of the officer, Mr. Gonzalez asked Officer Crowder if the officer had ever compared the **complaint** which he wrote vs. the statement of the complaining witness. Officer Crowder answered that he had not (RR vol. 2, page 30, lines 2-23). This began a series of questions from Mr. Gonzalez which addressed the problems of the complaint.

This becomes important because, at a later point in the trial, Mr. Gonzalez attempted to lay a predicate for a prior inconsistent statement which would be an exception to the hearsay rule. This was because Ms. Radom asked the officer if he found the complainant's statement to be consistent with her injuries. Ultimately, this line of questioning was denied by the Court. (RR, vol. 2, pages 35-36).

However, Officer Crowder later admitted during the trial that he did not report the injuries that Crowder observed when he saw Ms. Divers at the scene (RR, vol. 2, pages 42-43). Further, later in the trial, Officer Crowder admitted that there were inconsistencies between the complaint prepared by the officer and the complaint (RR, vol.. 2, pages 53-54). Finally, later in the trial, Officer Crowder admitted that he had to make a supplement to the report because of the errors (RR, vol. 2, pages 54-55).

Mr. Gonzalez pointed these inconsistencies out to Officer Crowder as the trial progressed. (RR, vol. 2, pages 55-57). By this point in the trial, it was clear that Office Crowder became aware of the fact that he had many inconsistencies and mistakes in his report and evidence and that the trial was not going well for him (and, as such, for the State).

Officer Crowder's inconsistencies became so glaringly obvious and problematic that, during the trial, Mr. Silverman informed the Court that defense counsel needed a copy of the report that was made during an interview (RR, vol. 2, page 59). Once again, Officer Crowder was put on notice that he had made several mistakes during his police investigation of this matter and that these inconsistencies were now catching up with him.

In addition to the inconsistencies which were causing issues for the State, Officer Crowder admitted on the stand that he did not interview any witnesses at the scene (RR, vol. 2, page 73). Finally, in what can only be described as a fatal blow for the State, Officer Crowder admitted under re-cross examination by Mr. Gonzalez that he made a big mistake on the complaint and he should have written a supplement for the complaint (RR, vol. 2, pages 84-85).

It was approximately at this juncture that Officer Crowder made his fateful statement effectively guaranteeing a mistrial in this case. See: *supra.*

Based on Officer Crowder's knowing and intentional conduct, Silverman had no alternative but to move for a mistrial. Given the absolute blatant announcement from Officer Crowder that Your Appellant invoked his Constitutional rights against self-incrimination to the jury, it was clear that a major deprivation of Ahsan's Constitutional rights occurred. There was clearly no way in which this trial could have moved forward. This Court correctly adjured this matter on a mistrial.

The State absolutely knew that Silverman would have no choice but to move for a mistrial. Certainly with the violation of Your Appellant's constitutional rights that had been committed by Officer Crowder, Silverman would have been remiss as an effective attorney had he failed to so do.

However, it was the underlying conduct of Officer Crowder which caused this mistrial. "But for" Officer Crowder's conduct, the mistrial would not have occurred. Respectfully, this is beyond argument. It is also clear, however, that Officer Crowder intentionally caused this mistrial. As shown *supra* in the Reporter's Record, Officer Crowder knew that the trial was not going well and, indeed, that the State was suffering because of the fatal problems with the investigation of the case that were revealed by the questioning of Officer Crowder by Mr. Gonzalez. Specifically, through the effective questioning of Officer Crowder by Mr. Gonzalez, Officer Crowder was forced to admit that he made mistake after mistake in his police investigation.

The jury certainly could not fail to understand that the State's case was falling apart in front of them as Officer Crowder was forced to admit his mistakes. Officer Crowder, seeing this case fall apart, decided to move forward with a mistrial by blurting out, in the middle of trial, that Your Movant did not give a statement.

This is made obvious by the fact that, right after he made this statement, Officer Crowder then made the following statement:

"And then I also was informed that the defendant did not want to give a statement."

Ms. Radom: "Objection."

"**Was I not allowed to say that?**" (emphasis mine)

RR, vol. 2, page 101, lines 22-25.

Officer Crowder knew he made a misstatement, and, further, he knew beforehand that he should not have made this statement. It almost beggars belief that a five-year veteran would not know the basic Constitutional principles that an accused has against self-incrimination. Officer Crowder made this statement with the intent of provoking a mistrial because he knew they State was losing its case.

It is beyond argument that Officer Crowder is an agent of the State. An agent is a person who is authorized by the principal to transact business or manage some affair on the principal's behalf. *Grace Cmty Church v. Gonzalez*, 853 S.W.2d 678,

12

680 (Tex.App.—Houston [14th Dist.] 1993, no writ). As an agent of the State, Officer Crowder was working on behalf of the State when he caused the mistrial. As stated throughout this Appeal, Officer Crowder, knowing the case was lost, went forward and intentionally caused a mistrial through his statement.

In other words, the State intentionally caused a mistrial.

The correct standard of review in this matter is that Your Appellant must demonstrate that the State intended to provoke the Movant into moving for a mistrial. *Oregon v. Kennedy*, 456 U.S. 667 (1982).

The facts of this case are clear: Officer Crowder, knowing the case was lost, went forward and purposely caused a mistrial. An experienced police officer somehow "forgot" one of the most important provisions of the U.S. and Texas Constitutions as well as the Miranda warnings every officer not only is expected to know, but **needs to know** to perform his job. Officer Crowder knew that by making this statement, Silverman or Gonzalez would have to move for a mistrial and this is indeed what occurred.

The State, in the form of Officer Crowder, knew with absolute certainty that because of its conduct, Silverman would have to move for a mistrial. Indeed, for Silverman not to have moved for a mistrial would have been incompetence on his part.

In other words, once again, the State intentionally provoked Silverman into moving for a mistrial.

Through a line of cases beginning with *Bauder v. State*, the Texas courts originally took the position that the Double Jeopardy provision of the Texas Constitution covered reckless conduct on the part of prosecutors which would lead to a mistrial. Specifically, the courts held that a retrial would also be barred "when the prosecutor was aware of but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request." *Bauder v. State*, 921 S.W.2d 686, 699 (Tex.Crim.App. 1996).

Throughout litigation over the years, the Court of Criminal Appeals eventually overruled the *Bauder* standard and instead adopted the standard articulated by the Supreme Court of the United States in the case of *Oregon v. Kennedy*.

In the *Kennedy* case, the USSC ruled that where a defendant in a criminal trial successfully moves for a mistrial, the defendant may invoke the bar of double jeopardy in a second effort to try the defendant only if the conduct giving rise to the successful motion for a mistrial was prosecutorial or judicial conduct intended to provoke the defendant to move for a mistrial. *Oregon v. Kennedy*, 456 U.S. 667 (1982).

With this standard, Texas is in line with the findings of the USSC and for a successful rebuttal to a mistrial, the movant must demonstrate that the prosecution acted with intent to provoke the defendant into moving for a mistrial. Specifically, [The Double Jeopardy Clause] bars retrials where `bad-faith conduct by judge or prosecutor,' threatens the `[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant. *United States v. Dinitz*, 424 U.S., at 611, cited in *Oregon v. Kennedy,* 456 U.S. 667 (1982).

Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. See in general: *Oregon v. Kennedy,* 456 U.S. 667 (1982).

Appellate courts analyzing a double jeopardy mistrial claim are to make the following three-part analysis (1) whether manifestly improper prosecutorial misconduct provoked the mistrial; (2) whether the mistrial was required because the prejudice produced from the misconduct could not be cured by a motion to disregard; and (3) whether the prosecutor engaged in the conduct with the intent to goad the defendant into requesting a mistrial or with conscious disregard for a substantial risk that the trial court would be required to declare a mistrial. U.S.C.A. Const. Amend

15

5., Vernon's Ann. Texas Const. Art. 1, section 14, *cited in*: *Bowen v. State,* 131 S.W. 3d 505 (Tex.App.—Eastland, 2004).

In this instance, respectfully, there is no doubt that the above occurred. As stated *supra* in this Brief, it was clear from the testimony that Officer Crowder knew that the trial was going badly for the State. It is also true that Officer Crowder, as the State's witness and the arresting officer in this case, was acting as an agent for the State when he was called to trial. The first element of the above test has been met.

It is also clear that the second element was met. The Honorable Mark Carter declared a mistrial in this matter because he realized that the statement from Officer Crowder could not be cured with a simple admonition. The fact that the trial court took the necessary step of deciding on a mistrial is evidence enough that the second element is met.

Finally, it is clear that the third element is also met. In this instance, the officer, acting as an agent for the State, engaged in the misconduct with the intention that Mssrs. Silverman and Gonzalez would have no choice but to ask for a mistrial which, once again, was granted. As has been stated throughout this Brief, *supra*, it beggars the imagination to believe that a five-year veteran police officer who certainly had training in the correct arrest and detention procedures, not to mention the experience on the force, would ever unconsciously or through a "slip of the

tongue" make the statement at trial that he did. The concept that a defendant in a criminal trial has the right against self-incrimination, which is a fundamental part of both the United States and Texas constitutions, is so basic to the fundamental principles of law enforcement and criminal defense that it hardly merits a response. Officer Crowder, who is far from being a "layman" in these proceedings but could be viewed almost as an expert witness, certainly was aware of the limitations of what he could and could not state at trial.

Despite this training and experience, Officer Crowder **deliberately** made the statement regarding Ahsan's silence which is a direct violation of the right against self-incrimination. The only legal, not to mention logical, response from Messrs. Silverman and Gonzalez to this blatant statement was to ask for a mistrial. [1] The mistrial was asked for, and granted.

Based on the above, *supra*, therefore, Your Appellant respectfully repeats his request that this Honorable Court reverse the decision from the Honorable Mark Carter and declare that due to a violation of double-jeopardy rights, Ahsan **cannot** be re-tried in this matter.

---

[1] As has been stated elsewhere in the record, it would have been borderline malpractice for Mssrs. Silverman and Gonzalez **not** to have asked for a mistrial given this incredible statement from Officer Crowder.

It should be noted for the purposes of this Brief that although the Court found against the Appellant in the *Bowen* case, the facts between the *Bowen* case and the matter before this Honorable Court are easily distinguishable. In the *Bowen* case, the Court made the observation that the officer who made the objectionable statement was testifying about events chronologically and that the events had been written down in the officer's report chronologically. In the matter before this Honorable Court, as discussed previously, *supra*, Officer Crowder was being asked if he had ever compared the complaint (written by Officer Crowder) vs. the statement of the complaining witness. Officer Crowder was certainly not reading a report chronologically nor was he simply reciting facts: he was being placed "on the spot" about inconsistencies in his written statements by Defense Counsel Steve Gonzalez.

## CONCLUSION AND SUMMARY

Respectfully, the Honorable Mark Carter was incorrect when he did not grant Ahsan's Writ of Double Jeopardy. It is clear from the record that Officer Crowder made a statement on the stand that could have no other response from Defense Counsel but to ask for a mistrial. Officer Crowder, a five year police veteran and trained Law Enforcement Officer who had been educated in Constitutional Law and the correct procedures for arrest and detention made a statement that clearly violated Ahsan's right against self-incrimination. Once the statement was made, Judge Carter correctly ruled that the "bell could not be unrung" and granted a mistrial. However, as the evidence clearly demonstrates, this statement from Officer Crowder was not just a random mistake, but an intentional outburst designed to provoke a mistrial. There was no possibility, given the gravity of the statement from Officer Crowder, that Defense Counsel could have moved for anything else other than a mistrial. Further, the evidence clearly shows that Officer Crowder was being forced into a corner under questioning by Defense Counsel and the trial was going badly for the State as a result. Officer Crowder deliberately provoked a mistrial through his actions.

## **PRAYER**

In accordance with the foregoing argument, therefore, Your Appellant prays that this Honorable Court REVERSE the order of the Trial Court Judge and approve the Writ Involving Double Jeopardy.

Respectfully submitted:

TAUSK & VEGA


_/s/ Gene P. Tausk_
Gene P. Tausk
TBN: 24003035
1221 Studewood
Houston, TX  77008
(713) 429-5476
(713) 490-3150 (fax)
gene@tauskvega.com

ATTTORNEY FOR APPELLANT
MUHAMMAD AHSAN

**CERTIFICATE OF SERVICE**

I, the undersigned, state that a true and correct copy of this Brief was served upon the following individuals by certified mail, return receipt requested, on February 20, 2015:

Harris County District Attorneys' Office
Appellate Division
1201 Franklin
Ste. 600
Houston, TX  77002

/s/ Gene P. Tausk_____

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, state that this document contains approximately 4,774 words.

/s/ Gene P. Tausk_____