Fred R. **SCHOEFFLER** and Bettijane M. Schoeffler, Appellants,

v.

Herb **DENTON,** Earl Israel, Rusty Legg, Individually, and Sportsman's Paradise, Appellees.

No. C14–90–0043–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 25, 1991.

John Lee Arellano, Houston, for appellants.

Diane D. Clark, Texas City and James Hury, Jr., Galveston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

OPINION

JUNELL, Justice.

This is an appeal from a judgment (1) denying the Schoefflers any recovery against Herb Denton and Earl Israel, two of the appellees, and (2) limiting attorney's fees awarded to the Schoefflers against appellee Rusty Legg to $2,000. In three points of error, appellants contend: (1) the take nothing judgment in favor of Denton and Israel is against the great weight and preponderance of the evidence; (2) the trial court abused its discretion in failing to award the full amount of attorney's fees requested; (3) the trial court erred in admitting certain checks into evidence. We affirm.

Appellants own a strip shopping center in the city of Galveston. On May 1, 1984, appellants signed a written lease with Legg covering a portion of the strip center. The lease was for three years, from May 1, 1984 through April 30, 1987. The total rental was $41,400 payable in monthly installments of $1,150 beginning on May 1, 1984. Legg operated a retail sporting goods store in the leased space as a sole proprietorship. In August of 1984, Legg incorporated the business. The name of the corporation was R.V. Legg, Inc. The business was operated under the name of Sportsman's Paradise both before and after the incorporation. In May of 1985, the assets and liabilities of the business were sold. The Schoefflers contend that the sale was to Israel and Denton, individually. Israel and Denton contend the sale was to The New Sportsman's Paradise, Inc., a corporation newly charted by Israel and Denton at the time of the sale.

Monthly rental for the leased premises was paid by The New Sportsman's Paradise, Inc. for the months beginning on June 1, 1985 and ending on December 31, 1986. No rent was paid for the months of January through April of 1987, the last four months of the lease term.

In May, 1987, suit was filed by the Schoefflers against Legg, Denton and Israel, individually, and against Sportsman's Paradise, which was alleged to be a partnership composed of Legg, Denton, and

Israel. The suit was to recover $4,600 in rent due for the last four months of the lease term. The Schoefflers' petition alleged the existence of the partnership and claimed liability of the three individuals and the partnership. Recognizing that Legg, Denton and Israel were denying personal liability and were claiming that only The New Sportsman's Paradise, Inc. was liable for the rent admittedly due, the petition alleged that there was no such corporation. Alternatively, the petition alleged that if there was such a corporation, the defendants had failed to comply with art. 1302–2.02 of the TEXAS MISCELLANEOUS CORPORATION LAWS ACT by failing to provide the required newspaper notice, and therefore that Legg, Denton and Israel remained personally liable for the rent. The Schoefflers never joined R.V. Legg, Inc. or The New Sportsman's Paradise, Inc. as parties defendant in the lawsuit.

The case was tried before the court without a jury. The trial court denied the Schoefflers any recovery against Denton and Israel but rendered judgment in favor of the Schoefflers against Legg, individually, for unpaid rent in the amount of $4,600 plus $2,000 in attorney's fees. Only the Schoefflers appeal.

Point of error number one asserts the trial court erred in failing to find Israel and Denton individually liable "for the rental obligations assumed by them as being against an overwhelming preponderance of the evidence." Although this point of error is as quoted above, appellants' argument under point one is that Israel and Denton are personally liable for the rent because of failure to comply with TEX.REV. CIV.STAT.ANN. art. 1302–2.02 (Miscellaneous Corporation Laws Act) which provides:

**Notice by Firm**

Whenever any banking, mercantile or other business firm desires to become incorporated without a change of firm name, such firm shall, in addition to the notice of dissolution required at Common Law, give notice of such intention to become incorporated for at least four (4) weeks in some newspaper published in the county in which such firm has its principal business office, if there be a newspaper published in such county; and, if not, then in some newspaper published in some adjoining county; provided, however, that such notice shall only be published one (1) day in each week during the said four (4) weeks. Until such notice has been so published for the full period above-named, no change shall take place in the liability of such firm or the members thereof to those dealing with the firm or its members. It shall be a defense that a claimant had actual notice or knowledge of such incorporation.

Appellees Denton and Israel contend that art. 1302–2.02 does not apply in this case because this was not a case of a business firm desiring to become incorporated without a change of firm name. Denton and Israel contend that in the instant case one corporation, R.V. Legg, Inc., made a bulk sale of all of its assets and liabilities to another corporation, The New Sportsman's Paradise, Inc., making applicable the provisions of Uniform Commercial Code—Bulk Sales Transfers, V.T.C.A., Bus. & C. § 6.102, et seq. Denton and Israel complied with the requirements of § 6.102, et seq.

There is evidence in the record that the sale of assets was by R.V. Legg, Inc. to The New Sportsman's Paradise, Inc. and that the business was operated from the time of the sale by the new corporation and not by Legg, Denton and/or Israel, individually, or as a partnership.

The trial court made no findings of fact and conclusions of law. None were requested in compliance with TEX.R.CIV.P. 296. Appellants do not and cannot complain of the trial court's failure to prepare and file findings of fact and conclusions of law. Under these circumstances the trial court's judgment implies all necessary fact findings in support of the judgment. *Burnett v. Motyka*, 610 S.W.2d 735 (Tex.1980). Where findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evi-

dence. *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex.1978).

■ In the instant case the evidence that the sale of assets was by R.V. Legg, Inc. to The New Sportsman's Paradise Inc., supports the judgment denying appellants any recovery against Denton and Israel. An implied finding that the sale was so made is not contrary to the great weight and preponderance of the evidence. Appellant's first point of error is overruled.

In their second point of error appellants contend that the trial court erred in reducing the attorney's fees from $7,875.00, the amount requested by appellants, to $2,000.00. Appellants claim that since the evidence on the issue of attorney's fees was undisputed, the trial court abused its discretion by reducing the amount.

■ It is a general rule that the testimony of an interested witness, though uncontradicted, does no more than raise a fact issue to be determined by the trier of fact. *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex.1990) (quoting *Cochran v. Wool Growers Central Storage Co.,* 140 Tex. 184, 166 S.W.2d 904, 908 (1942)). But there is an exception to this general rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cause suspicion thereon, it is taken as true as a matter of law. *Id.* The Texas Supreme Court went on to state that it did not mean to imply that in every case when uncontradicted testimony is offered it mandates an award of the amount claimed. If the evidence is unreasonable, incredible, or its belief is questionable, then such evidence would only raise a fact issue to be determined by the trier of fact. *Id.*

■ In the case at hand, the evidence as to the amount of attorney's fees was uncontroverted by any testimony. Appellants therefore contend that it was error for the trial court to reduce the requested award. This would be true unless the trial court found that attendant circumstances contra-dicted the requested fees or if the evidence was unreasonable or questionable. In this case, we have no way to ascertain the trial court's reasoning because findings and facts and conclusions of law were neither filed nor requested by appellants. If findings of fact of conclusions of law are neither filed nor requested, the judgment of the trial court implies all necessary finding of fact to support it. *Lemons v. EMW Mfg. Co.,* 747 S.W.2d 372, 373 (Tex.1988) (per curiam); *In the Interest of W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984). Therefore, the judgment in this case implies that the trial court found the requested attorney's fees contradicted by attendant circumstances or in some way unreasonable.

Appellant's have not shown that the trial court abused its discretion. Appellants' second point of error is overruled.

Appellants' third point of error alleges that the trial court erred in admitting certain checks into evidence. Appellants contend that the checks should not have been admitted because they were not produced during discovery as requested.

■ It has long been the rule in Texas that on review of a judgment in a non-jury case, it must be presumed that the trial court did not consider any improperly admitted evidence. *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760, 765 (1942). As there are no findings of fact and conclusions of law for this court to review, appellants have failed to show that the trial court based its findings on the complained of evidence. Appellants' third point of error is overruled.

The judgment of the trial court is affirmed.