Opinion filed September
30, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00113-CV 

                                                    __________

 

 

                                BRANDON
FARLOUGH, Appellant

 

                                                             
V.

 

                                  
TANJULA FARLOUGH, Appellee

 



 

                              On
Appeal from the County Court at Law No. 1

 

                                                           Wichita
County, Texas

 

                                              Trial Court
Cause No. CCL-456-07-E

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is a dispute over the trial court’s division of property incident to a divorce. 
We affirm.

Tanjula
Farlough filed for divorce against Brandon Farlough, and she requested a
disproportionate share of the community estate for several reasons including
fault in the breakup of the marriage.  The parties had no children.  Their
dispute concerned solely the division of property; but, nonetheless, neither
party filed a sworn inventory.  The trial court conducted a bench trial on May
30, 2008.  The evidence established that there were several bank and investment
accounts in the name of one or both parties.  In some instances, the evidence
did not establish the current value of these accounts but a value from several
months previous.  The trial court continued the case and directed both parties
to file a current, sworn inventory with account balances as of May 31, 2008.  Brandon
filed a sworn inventory, but Tanjula did not.  The trial court resumed the
trial on September 3, and it entered a decree that granted the parties a
divorce and divided their property.  Brandon filed this appeal, complaining of
the trial court’s property division.

Brandon complains first that the trial court divested him of his separate
property.  The parties purchased a home in Pensacola, Florida, for $230,000,
and they made a down payment of $52,000.  Brandon contended at trial that
$50,000 of this down payment was his separate property, and he offered evidence
that the down payment came from an American Century Investments account that
was in his name and that was in existence prior to the marriage.  Tanjula
agreed that the American Century account was in Brandon’s name and that it
existed prior to the marriage, but she contended that it contained commingled
funds.  The trial court did not recognize Brandon’s claim to the down payment
because it divided the home’s equity equally between the parties and ordered
them to sell the home.

Trial
courts must order a division of the estate of the parties in a manner that the
court deems just and right.  Tex. Fam.
Code Ann. § 7.001 (Vernon 2006).  However, the trial court may divide
only the parties’ community property.  Jacobs v. Jacobs, 687 S.W.2d 731,
733 (Tex. 1985).  Trial courts may not divest a party of its separate property
when ordering a division of property.  See Eggemeyer v. Eggemeyer, 554
S.W.2d 137, 142 (Tex. 1977).  Brandon did not request findings of fact or
conclusions of law.  Consequently, the judgment of the trial court after a
bench trial implies all necessary findings of fact to support itself.  Schoeffler
v. Denton, 813 S.W.2d 742, 744 (Tex. App.—Houston [14th Dist.] 1991, no
writ).  We must affirm that judgment if it can be justified by any legal theory
raised by the evidence.  Point Lookout W., Inc. v. Whorton, 742
S.W.2d 277, 279 (Tex. 1987).

Tanjula
concedes that the money in the American Century account at the time of the
marriage was Brandon’s separate property, but she contends that he did not
trace the house down payment to these separate funds.  We agree.  Property
possessed by either spouse in the course of marriage is presumed to be
community property.  Tex. Fam. Code Ann.
§ 3.003(a) (Vernon 2006).  Property owned by a party prior to marriage
is separate property.  Tex. Const. art.
XVI, § 15.  To overcome the community property presumption, Brandon’s burden
was to trace, by clear and convincing evidence, the cash used to make the down payment
to his separate funds.  Brandon is critical of Tanjula’s testimony that the
account contained commingled funds, but the trial court is the factfinder and
we are not allowed to substitute our own credibility assessment.  In re C.H.,
89 S.W.3d 17, 26 (Tex. 2002).  This requires, therefore, that we assume that
the account did in fact contain commingled funds.

Courts
can still trace separate funds through bank accounts containing commingled
funds so long as the separate funds are traced in such a manner that the trial
court is able to determine accurately the interest of each party.  Cockerham
v. Cockerham, 527 S.W.2d 162, 167 (Tex. 1975).   Mere testimony that
property was purchased with separate funds, without any tracing of the funds,
is insufficient to rebut the community presumption.  Boyd v. Boyd, 131
S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, no pet.).  Any doubt as to the
character of property is resolved in favor of the community estate.  Id. 


Brandon
simply failed to offer any evidence with which the trial court could trace the
down payment to his separate property.  In his sworn inventory, Brandon
identified the home’s equity as a community property asset.  He indicated that
the American Century account had a balance of $39,274 on the date of marriage
and a current value of $35,750, and he claimed all of this as his separate
property.  Tanjula testified that the American Century account grew during
their marriage and that, at one point, was worth $92,000; that it contained
commingled funds; and that she put income into it.  There was no other
testimony describing what went into the account during the marriage or whether
the account was used to pay for anything other than the house down payment. 
Brandon references us to what he describes as his testimony tracing the funds,
but his reference is not to sworn testimony.  Brandon represented himself at
trial.  During Tanjula’s direct examination, the trial court asked her counsel
a clarification question.  In the ensuing discussion, Brandon stated that “the
records will indicate that $50,000 of the $52,000 that will show up in the
purchase came out of a separate account, and that was – the American Century
was never a communal account or a community property account.”  Brandon offered
copies of the two redemption checks from the American Century account that were
used to fund the down payment, but offered no other documentary evidence
concerning the American Century account.  He did not otherwise trace the funds
through the testimony.  Because the trial court had almost no information on
how the account was funded or utilized during the marriage, it did not err when
it divided the home’s equity equally between the parties.  Issue One is overruled.

Brandon
next complains that the trial court erred by characterizing Tanjula’s IRA and
USAA Money Market account as separate property.  The trial court awarded
Tanjula the funds in both accounts, but it did not find that they were separate
property.  Those funds were, instead, divided as part of the couples’ community
property.  Issue Two is overruled.

Brandon
also contends that the trial court erred by awarding Tanjula a disproportionate
share of the marital estate.  We review a trial court’s division of the
property under an abuse of discretion standard.  Moroch v. Collins, 174
S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied).  A trial court abuses its
discretion when it acts without reference to any guiding rules or principles.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  The
mere fact that a trial court may decide a matter within its discretionary
authority in a different manner than an appellate court in a similar
circumstance does not demonstrate that an abuse of discretion has occurred.  Sw.
Bell Tel. Co. v. Johnson, 389 S.W.2d 645, 648 (Tex. 1965).

Because
Brandon did not request findings of fact, we do not know what value the trial
court assigned to most of the assets.  Without this, it is impossible for us to
determine what share of the marital estate either party received and,
therefore, whether the trial court abused its discretion.  See Wells v.
Wells, 251 S.W.3d 834, 840-41 (Tex. App.—Eastland 2008, no pet.).   Even if
we assume that Tanjula received a disproportionate share of the marital estate,
because there was evidence that Brandon committed adultery, the trial court had
the authority to order a disproportionate division.  Ohendalski v. Ohendalski,
203 S.W.3d 910, 914-15 (Tex. App.—Beaumont 2006, no pet.).  Issue Three
is overruled.

Next,
Brandon complains that Tanjula committed a fraud upon the estate by taking
money out of a community property account.  This issue has not been preserved
because Brandon did not raise it before the trial court.  Brandon did
cross-examine Tanjula about the money she took out of the account, but he did
not contend that this was done fraudulently or otherwise request a
disproportionate share of the estate.  He may not raise that issue now on
appeal.  Knapp v. Wilson N. Jones Mem’l Hosp., 281 S.W.3d 163, 170-71
(Tex. App.—Dallas 2009, no pet.) (to preserve an error for appeal, a party’s
argument on appeal must comport with its argument in the trial court).  Issue
Four is overruled.

Finally,
Brandon contends that the trial court erred by allowing both parties to keep
the furniture and fixtures in their possession because this allowed Tanjula to
receive an unequal distribution of the marital assets.  As noted previously,
because Brandon did not request findings of fact and because the trial court
did not assign any value to the furniture and fixtures, it is impossible for us
to determine whether the trial court abused its discretion.  Issue Five is
overruled.

The judgment of the trial court is affirmed.

 

            

RICK STRANGE

                                                                                    JUSTICE

 

September 30,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.