**Opinion filed September 30, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00113-CV

_____

## BRANDON FARLOUGH, Appellant

## V.

## TANJULA FARLOUGH, Appellee

**On Appeal from the County Court at Law No. 1**

**Wichita County, Texas**

**Trial Court Cause No. CCL-456-07-E**

## MEMORANDUM OPINION

This is a dispute over the trial court's division of property incident to a divorce. We affirm.

Tanjula Farlough filed for divorce against Brandon Farlough, and she requested a disproportionate share of the community estate for several reasons including fault in the breakup of the marriage. The parties had no children. Their dispute concerned solely the division of property; but, nonetheless, neither party filed a sworn inventory. The trial court conducted a

bench trial on May 30, 2008. The evidence established that there were several bank and investment accounts in the name of one or both parties. In some instances, the evidence did not establish the current value of these accounts but a value from several months previous. The trial court continued the case and directed both parties to file a current, sworn inventory with account balances as of May 31, 2008. Brandon filed a sworn inventory, but Tanjula did not. The trial court resumed the trial on September 3, and it entered a decree that granted the parties a divorce and divided their property. Brandon filed this appeal, complaining of the trial court's property division.

Brandon complains first that the trial court divested him of his separate property. The parties purchased a home in Pensacola, Florida, for $230,000, and they made a down payment of $52,000. Brandon contended at trial that $50,000 of this down payment was his separate property, and he offered evidence that the down payment came from an American Century Investments account that was in his name and that was in existence prior to the marriage. Tanjula agreed that the American Century account was in Brandon's name and that it existed prior to the marriage, but she contended that it contained commingled funds. The trial court did not recognize Brandon's claim to the down payment because it divided the home's equity equally between the parties and ordered them to sell the home.

Trial courts must order a division of the estate of the parties in a manner that the court deems just and right. TEX. FAM. CODE ANN. § 7.001 (Vernon 2006). However, the trial court may divide only the parties' community property. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985). Trial courts may not divest a party of its separate property when ordering a division of property. *See Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex. 1977). Brandon did not request findings of fact or conclusions of law. Consequently, the judgment of the trial court after a bench trial implies all necessary findings of fact to support itself. *Schoeffler v. Denton*, 813 S.W.2d 742, 744 (Tex. App.—Houston [14th Dist.] 1991, no writ). We must affirm that judgment if it can be justified by any legal theory raised by the evidence. *Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 279 (Tex. 1987).

Tanjula concedes that the money in the American Century account at the time of the marriage was Brandon's separate property, but she contends that he did not trace the house down payment to these separate funds. We agree. Property possessed by either spouse in the course of marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (Vernon

2

2006). Property owned by a party prior to marriage is separate property. TEX. CONST. art. XVI, § 15. To overcome the community property presumption, Brandon's burden was to trace, by clear and convincing evidence, the cash used to make the down payment to his separate funds. Brandon is critical of Tanjula's testimony that the account contained commingled funds, but the trial court is the factfinder and we are not allowed to substitute our own credibility assessment. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002). This requires, therefore, that we assume that the account did in fact contain commingled funds.

Courts can still trace separate funds through bank accounts containing commingled funds so long as the separate funds are traced in such a manner that the trial court is able to determine accurately the interest of each party. *Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex. 1975). Mere testimony that property was purchased with separate funds, without any tracing of the funds, is insufficient to rebut the community presumption. *Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, no pet.). Any doubt as to the character of property is resolved in favor of the community estate. *Id.*

Brandon simply failed to offer any evidence with which the trial court could trace the down payment to his separate property. In his sworn inventory, Brandon identified the home's equity as a community property asset. He indicated that the American Century account had a balance of $39,274 on the date of marriage and a current value of $35,750, and he claimed all of this as his separate property. Tanjula testified that the American Century account grew during their marriage and that, at one point, was worth $92,000; that it contained commingled funds; and that she put income into it. There was no other testimony describing what went into the account during the marriage or whether the account was used to pay for anything other than the house down payment. Brandon references us to what he describes as his testimony tracing the funds, but his reference is not to sworn testimony. Brandon represented himself at trial. During Tanjula's direct examination, the trial court asked her counsel a clarification question. In the ensuing discussion, Brandon stated that "the records will indicate that $50,000 of the $52,000 that will show up in the purchase came out of a separate account, and that was – the American Century was never a communal account or a community property account." Brandon offered copies of the two redemption checks from the American Century account that were used to fund the down payment, but offered no other documentary evidence concerning the American Century account. He did not otherwise trace the funds through the testimony. Because the trial court had

3

almost no information on how the account was funded or utilized during the marriage, it did not err when it divided the home's equity equally between the parties. Issue One is overruled.

Brandon next complains that the trial court erred by characterizing Tanjula's IRA and USAA Money Market account as separate property. The trial court awarded Tanjula the funds in both accounts, but it did not find that they were separate property. Those funds were, instead, divided as part of the couples' community property. Issue Two is overruled.

Brandon also contends that the trial court erred by awarding Tanjula a disproportionate share of the marital estate. We review a trial court's division of the property under an abuse of discretion standard. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Sw. Bell Tel. Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex. 1965).

Because Brandon did not request findings of fact, we do not know what value the trial court assigned to most of the assets. Without this, it is impossible for us to determine what share of the marital estate either party received and, therefore, whether the trial court abused its discretion. *See Wells v. Wells*, 251 S.W.3d 834, 840-41 (Tex. App.—Eastland 2008, no pet.). Even if we assume that Tanjula received a disproportionate share of the marital estate, because there was evidence that Brandon committed adultery, the trial court had the authority to order a disproportionate division. *Ohendalski v. Ohendalski*, 203 S.W.3d 910, 914-15 (Tex. App.—Beaumont 2006, no pet.). Issue Three is overruled.

Next, Brandon complains that Tanjula committed a fraud upon the estate by taking money out of a community property account. This issue has not been preserved because Brandon did not raise it before the trial court. Brandon did cross-examine Tanjula about the money she took out of the account, but he did not contend that this was done fraudulently or otherwise request a disproportionate share of the estate. He may not raise that issue now on appeal. *Knapp v. Wilson N. Jones Mem'l Hosp.*, 281 S.W.3d 163, 170-71 (Tex. App.—Dallas 2009, no pet.) (to preserve an error for appeal, a party's argument on appeal must comport with its argument in the trial court). Issue Four is overruled.

4

Finally, Brandon contends that the trial court erred by allowing both parties to keep the furniture and fixtures in their possession because this allowed Tanjula to receive an unequal distribution of the marital assets. As noted previously, because Brandon did not request findings of fact and because the trial court did not assign any value to the furniture and fixtures, it is impossible for us to determine whether the trial court abused its discretion. Issue Five is overruled.

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


September 30, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.