**Affirmed and Memorandum Opinion filed June 23, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00260-CV

---

### WILLIAMS M. WALLS, Appellant

### V.

### HARRIS COUNTY, HARRIS COUNTY DEPARTMENT OF EDUCATION, THE PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY HOSPITAL DISTRICT, CITYOF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT AND HOUSTON COMMUNITY COLLEGE SYSTEM, AND LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, Appellees

---

**On Appeal from the 80th District Court of
Harris County, Texas
Trial Court Cause No. 2009-20004A**

---

## M E M O R A N D U M   O P I N I O N

Appellant, William M. Walls, appeals a final judgment rendered against him in a suit to recover delinquent taxes filed by appellees, Harris County, Harris County Department of Education, the Port of Houston Authority of Harris County, Harris County Flood Control District, Harris County Hospital District, City of

Houston, Houston Independent School District and Houston Community College System, and Linebarger Goggan Blair & Sampson, LLP (collectively "Harris County"). We affirm.

## I. BACKGROUND

In 2005, Harris County sued Walls for delinquent taxes only on property associated with an account number ending in "0015." ("0015 Account"). The trial court signed a final judgment in 2007 ("the 2007 final judgment").

In 2009, Harris County again sued Walls for delinquent taxes. The "0015 Account" was delinquent for tax years 2007 and 2009. For the "0015 Account," Harris County's petition references:

> "Tract No. 1: Acct. No. 0825430000015; All that certain tract designated as 'Commercial Reserve', Block 2 . . . ."

Harris County also included a claim for delinquent taxes on an account number ending in "0016" ("0016 Account") for tax years 2002 to 2006. In describing the "0016 Account," the Harris County petition references:

> "Tract No. 2: 0825430000016; RES A BLK 2 (OMITTED IMPS) (LAND*0825430000015)."

(Capitalization in original).

Walls filed a counterclaim in the 2009 lawsuit. It was severed in 2012. In the severed action, Walls sought a declaration that the 2007 final judgment barred Harris County from recovering delinquent property taxes on the "0016 Account."

After a bench trial, the trial court signed a final take-nothing judgment in favor of Harris County.

## II. CHALLENGE TO FINAL JUDGMENT

In his first two issues, Walls contends the trial court abused its discretion in awarding final judgment in favor of Harris County. We construe these issues as challenges to the propriety of the trial court's final judgment, and we will analyze them under the proper standard of review.

### A. Standard of Review

When, as here, findings of fact or conclusions of law were neither requested nor filed, the final judgment signed after a bench trial implies all necessary findings of fact to support it. *See Schoeffler v. Denton*, 813 S.W.2d 742, 745 (Tex. App.—Houston [14th Dist.] 1991, no writ). Thus, we review the evidence supporting the final judgment for legal and factual sufficiency. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

When examining a legal-sufficiency challenge, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827. The evidence is legally sufficient if it would enable a reasonable and fair-minded person to reach the verdict under review. *Id.* A party attacking legal sufficiency relative to an adverse finding on which he bore the burden of proof must demonstrate the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). The fact finder is sole judge of witness credibility and the weight to give their testimony. *See City of Keller*, 168 S.W.3d at 819.

In a factual-sufficiency review, we consider and weigh all the evidence, both supporting and contradicting the finding. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). A party attacking factual sufficiency relative to an adverse finding on which he bore the burden of proof must demonstrate the finding is against the great weight and preponderance of the evidence. *Dow Chemical*, 46 S.W.3d at 242. We set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986).

## B.  Final Judgment

Walls contended the 2007 judgment is *res judicata* to the 2013 final judgment made the basis of this appeal. *Res judicata*, also referred to as claim preclusion, prevents the relitigation of a finally-adjudicated claim and related matters that should have been litigated in a prior suit. *See State and County Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). In order to succeed on his *res judicata* claim, Walls must prove the 2007 final judgment included both the "0015" and "0016" Accounts.

Walls offered delinquent tax statements for both the "0015" and "0016" Accounts, the first amended petition in both the 2005 and 2009 lawsuits, the 2007 final judgment and a printout of payment history. In the 2005 lawsuit, Harris County sought to recover delinquent taxes on property described as

> [L]and designated as "Commercial Reserve" in Block 2 of Holloway Heights . . . (Acct. No. 082540000015). The delinquent tax statement summary, for tax years 1997, 1999, 2000-01 and 2003-04, attached to the petition, described the property as "RES A BLK 2, Holloway Heights Sec. 1.

As described above, Harris County's 2009 petition sought to recover delinquent taxes on the "0015 Account" for the "Commercial Reserve" and on the "0016 Account" for the omitted improvements. "Land and improvements are separate entities of real property under the tax code, subject to independent taxation." *See Bexar Appraisal Dist. v. Dee Howard Co.*, No. 04-96-0085-CV, 1997 WL 30884, at *1 (Tex. App.—San Antonio Jan. 29, 1997, pet. denied) (not designated for publication) (citing *Harris County Appraisal Dist. v. Reynolds Texas, J.V.*, 884 S.W.2d 526, 528–29 (Tex. App.—El Paso 1994, no writ)) (holding district could "back-assess" improvements to taxpayer's property determined to be "omitted property" pursuant to Tex. Tax Code Section 25.21).[1]

> The 2007 final judgment states:
>
> Defendant, William M. Walls, has paid all due taxes, penalties, interest, attorney fees, and costs in this case. It is therefore ordered, adjudged, and decreed that Plaintiffs [Harris County] take nothing of William M. Walls under Defendant's counterclaim in that the property made the basis of tax acct 1029170 (a truck) was for personal use only.

In narrative fashion, Walls testified that he bought the property in 1997 and he paid taxes. He received a tax bill for omitted improvements which he disputed. Walls paid a portion of taxes for the years 2002-2006. He filed a counterclaim in the 2009 lawsuit to resolve an issue with his vehicle and, at that time, "they [Harris County] knew there was a building [improvement] on that property."

---

[1] Texas Tax Code Section 25.21 provides: "If the chief appraiser discovers that real property was omitted from an appraisal roll in any one of the five preceding years . . . he shall appraise the property as of January 1 of each year that it was omitted and enter the property and its appraised value in the appraisal records." *See* Tex. Tax Code § 25.21 (West, Westlaw through 2015 R.S.). "Real property" means: "(A) land; (B) an improvement . . . ." *See id.,* § 1.04 (A), (B) (West, Westlaw through 2015 R.S.).

Harris County argued the "0016 Account" could not have been adjudicated in the 2007 final judgment because the "0016 Account" is a tax on an improvement on the property, previously omitted from taxation and not on the tax rolls prior to the 2007 final judgment. Tracie Hernandez, litigation manager of the property tax division of Harris County's Tax Office, testified she had reviewed the "0015 Account" which did not include tax values for the previously omitted improvements [the building]. In December 2007-January 2008, her office received from the Harris County Appraisal District the correction rolls for improvements on the property from 2002-2006, which had previously been omitted. Upon learning of the improvements and receiving the correction rolls, in December 2007-January 2008, Harris County issued a tax bill creating the "0016 Account." No tax bill could be created in the absence of the correction roll showing the omitted property.

Thus, the evidence reflects that the tax bill for the "0016 Account" was not created until December 2007-January 2008, five months after the trial court signed the 2007 final judgment. Therefore, we conclude the tax bill for the improvements did not exist and was not adjudicated in the 2007 final judgment, res judicata did not bar Harris County's claims and the evidence is sufficient to support the final judgment.

We overrule Walls's first and second issues.

### III. MOTION FOR NEW TRIAL

In his third issue, Walls, who is an attorney and appeared *pro se* at trial and on appeal, asserts the trial court erred in denying his motion for new trial. Walls presented no argument supporting his contention. Thus, because his brief fails to comply with the requirements of Rule 38, Walls has waived appellate review on this issue. *See* Tex. R. App. P. 38.1(i) (requiring appellant's brief must contain a

6

clear and concise argument that includes appropriate citations to legal authority and the appellate record).

We affirm the judgment of the trial court.

/s/    John Donovan
Justice

Panel consists of Justices Christopher, Donovan, and Wise.