# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00484-CV

---

**Ronald J. Marchiani, Appellant**

**v.**

**Dale Shadle, Appellee**

---

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 18-1404-C26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Ronald J. Marchiani appeals the trial court's judgment rendered after a bench trial awarding Dale Shadle over $118,000 in compensatory damages, exemplary damages, and fees. In seven appellate issues, Marchiani complains about the admission of evidence and the court's rulings in Shadle's favor on the latter's claims for breach of contract, including breach of a personal guaranty, and breach of fiduciary duty. We affirm the judgment.

## BACKGROUND

Marchiani and Shadle were close friends for some time and eventually went into business together. Marchiani owned a business entity that performed roofing and contracting work, using the name "Top to Bottom" but in which Shadle owned no interest (TTB Main). Over time, Shadle entered into oral or written agreements under which he would extend credit to TTB Main so it could raise operating capital and he would receive either or both of repayment of the

credit extended or a percentage of the profits earned by TTB Main. In 2014, Shadle and Marchiani executed a Series Agreement to create a new business entity, Top to Bottom Roofing and General Contracting LLC (Series A), in which both men enjoyed a 50% right to distributions but Marchiani enjoyed sole management authority. Shadle contributed starting capital to Series A that, he said, was agreed to be repaid to him. Also according to Shadle, and in terms of Series A's operating capital, Shadle entered into agreements like those concerning TTB Main to extend credit to Series A in exchange for repayment and a percentage of its profits, and he had access to its financial accounts.

Shadle grew concerned that he was not being repaid his capital contribution and extensions of credit and not being paid the share of profits he had expected. His concern also grew when he saw what he thought were suspicious transactions in Series A's account statements. He believed that Marchiani was diverting Series A revenues from Series A's accounts to TTB Main's.

Shadle entered into a new agreement with Marchiani after the latter approached him about funding a large new project for their joint business efforts. This agreement—the "TTB Credit card, Credit and finance usage agreement with Dale Shadle" (Finance Agreement)—was signed by both Shadle and Marchiani and contains what Shadle pleaded is contractual language creating a personal guaranty by Marchiani of all debts owing to Shadle from TTB Main or Series A.

Despite the new project, Marchiani caused all TTB entities to file for bankruptcy. Shadle sued Marchiani for breach of contract, including breach of the personal guaranty in the Finance Agreement, and breach of fiduciary duty. According to his allegations, Shadle had not been paid or repaid several discrete amounts that he believed he was owed, whether prior extensions of credit, funds allegedly wrongfully diverted from Series A's accounts, or the Series A

2

capital contribution. He believed that under the Finance Agreement's personal guaranty, Marchiani owed him the unpaid amounts even if the original indebtedness had been incurred by a TTB entity, rather than Marchiani personally.

He sought compensatory damages for each claim and exemplary damages, attorneys' fees, and conditional appellate fees. Trial was to the bench, and the court's judgment awards Shadle $62,087.76 in compensatory damages and $15,000 in exemplary damages, plus fees, prejudgment interest, and court costs. The judgment does not specify which claims or theories are the bases for the awards.

Marchiani's seven appellate issues fall into two categories. In his first issue, he complains about the admission of certain evidence. His remaining issues address the merits of some of Shadle's claims.

## EVIDENCE-ADMISSION ISSUE

In his first issue, Marchiani complains that the trial court abused its discretion by admitting testimony and documentary evidence about the contracts that are the bases for Shadle's claims. He argues that although Shadle responded to an interrogatory in which he was asked to provide "the legal theory and factual bases" of each of his contract claims, he failed to verify his response as required by Rule of Civil Procedure 197.2(d), meaning that the evidence should be excluded under the discovery rules' exclusionary provision in Rule 193.6.[1] Assuming without

---

[1] Rule 197.2 provides that responses to interrogatories must be verified, except that "(1) when answers are based on information obtained from other persons, the party may so state, and (2) a party need not sign answers to interrogatories about persons with knowledge of relevant facts, trial witnesses, and legal contentions." Tex. R. Civ. P. 197.2(d).

deciding that Shadle was required to verify under Rule 197.2, we disagree that the trial court abused its discretion in overruling his objection.

Rule of Civil Procedure 193.6 provides for the exclusion of evidence that has not been timely disclosed, with certain exceptions. *See* Tex. R. Civ. P. 193.6(a). That is, a party may not introduce evidence that is not timely disclosed in response to discovery, unless there was good cause for the failure to timely disclose or the failure will not unfairly surprise or unfairly prejudice the other parties. *See id.* The rule prevents trial by ambush. *Reservoir Sys., Inc. v. TGS–NOPEC Geophysical Co.*, 335 S.W.3d 297, 311 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

Marchiani's position is not that Shadle failed to timely disclose material or information about his contract claims in discovery but only that Shadle failed to verify his interrogatory response. We conclude that the evidence-exclusion remedy under Rule 193.6 does not apply to these circumstances. *See State Farm Fire & Cas. Co. v. Morua*, 979 S.W.2d 616, 620 & n.11 (Tex. 1998) (explaining that failure to verify interrogatory response about identity of expert did not require exclusion of expert's testimony under predecessor rule); *$23,900.00 v. State*, 899 S.W.2d 314, 317–18 (Tex. App.—Houston [14th Dist.] 1995, no writ). Consequently, we cannot conclude that the trial court abused its discretion in admitting the objected-to evidence.

## MERITS ISSUES

In the rest of his appellate issues, Marchiani challenges the judgment for Shadle by arguing that some, but not all, of Shadle's claims fail on the merits, for varying reasons respective to each challenged claim. Because we conclude that the record supports Shadle's claims for breach of fiduciary duty and breach of the personal guaranty, and those claims are enough to sustain the judgment, we overrule the relevant portions of Marchiani's merits issues and need not reach others.

4

## I.       Standard of Review

When a trial court does not issue findings of fact and conclusions of law following a bench trial and need not have done so, we imply all necessary findings to support the judgment.[2] *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). The judgment must be affirmed on any legal theory supported by the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Schoeffler v. Denton*, 813 S.W.2d 742, 744 (Tex. App.—Houston [14th Dist.] 1991, no writ).

Because we have a reporter's record of the trial, the implied findings are not conclusive, and the findings may be challenged for the legal and factual sufficiency of the evidence. *See Shields*, 526 S.W.3d at 480. When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the finding under attack, crediting favorable evidence if a reasonable factfinder could have, disregarding contrary evidence unless a reasonable factfinder could not have, and indulging every reasonable inference that would support the finding. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005); *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *2 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.). Evidence is legally sufficient to support a finding when it would enable a reasonable and fair-minded factfinder to make the finding. *See City of Keller*, 168 S.W.3d at 827; *Bierwirth*, 2012 WL 3793190, at *2.

---

[2] Marchiani requested findings and conclusions, but his requests were untimely. *See* Tex. R. Civ. P. 296 (20 days from signing of judgment). Thus, the trial court need not have made findings and conclusions. *See Laake v. Laake*, No. 03-19-00841-CV, 2020 WL 4726748, at *1 (Tex. App.—Austin Aug. 14, 2020, pet. denied) (mem. op.); *Schoeffler v. Denton*, 813 S.W.2d 742, 744 (Tex. App.—Houston [14th Dist.] 1991, no writ).

**II.     Fiduciary-Duty Claim**

In his third appellate issue, Marchiani challenges his liability for Shadle's claim of breach of fiduciary duty.  He argues in three sub-issues that (1) Business Organizations Code section 7.001 (Section 7.001) eliminates his liability for the claim as a governing person in the Series A LLC, (2) the evidence was insufficient to support some of the claim's elements, and (3) Shadle cannot have judgment for the claim because the trial court did not award compensatory damages on it.  We take up the first two sub-issues together and ultimately overrule all three.

**A.     *Section 7.001 and Legal Sufficiency on Fiduciary-Duty Breach and Causation***

Section 7.001 provides:

(b) The certificate of formation or similar instrument of an organization to which this section applies may provide that a governing person of the organization is not liable, or is liable only to the extent provided by the certificate of formation or similar instrument, to the organization or its owners or members for monetary damages for an act or omission by the person in the person's capacity as a governing person.

(c) Subsection (b) does not authorize the elimination or limitation of the liability of a governing person to the extent the person is found liable under applicable law for:

> (1) a breach of the person's duty of loyalty, if any, to the organization or its owners or members . . . .

 . . . .

(d) The liability of a governing person may be limited or eliminated:

 . . . .

> (3) in a limited liability company by its certificate of formation or company agreement to the same extent Subsections (b) and (c) permit the limitation or elimination of liability of a governing person of an organization to which those subsections apply . . . .

6

Tex. Bus. Orgs. Code § 7.001(b), (c)(1), (d)(3). Marchiani argues that a provision of the Series Agreement authorized him "to manage all affairs of the Series without the approval, consent or other participation by any other Series Member" and that under Section 7.001, this provision effectively relieves him of any liability. We reject this position because Section 7.001 does not allow elimination of liability for breach of the duty of loyalty, a duty owed by fiduciaries; breach of the duty of loyalty is an applicable legal basis for upholding the judgment on the fiduciary-duty claim; and the evidence was legally sufficient to support the challenged elements of the claim.

Fiduciaries, among other duties that they may owe, generally owe their principals a duty of loyalty. *See Dandachli v. Active Motorwerks, Inc.*, No. 03-19-00494-CV, 2021 WL 3118437, at *5 (Tex. App.—Austin July 23, 2021, no pet.) (mem. op.); *Wolf v. Ramirez*, 622 S.W.3d 126, 142 (Tex. App.—El Paso 2020, no pet.). The fiduciary relationship may arise either from a formal relationship, like that of attorney and client, or from an informal relationship of trust and confidence. *See Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 220 (Tex. 2019); *Meyer v. Cathey*, 167 S.W.3d 327, 330–31 (Tex. 2005) (per curiam).

To prove a claim for breach of fiduciary duty, the plaintiff must establish that a fiduciary relationship existed between the plaintiff and defendant. Shadle pleaded that he and Marchiani "had both a formal and informal fiduciary relationship with respect to" Series A and that "Marchiani breached fiduciary duties owed to [Shadle] . . . , specifically including duties of loyalty, care and good faith and fair dealing, by misappropriating funds from . . . Series A's bank account for his own personal benefit." Marchiani does not challenge the trial court's implied ruling that he owed fiduciary duties to Shadle, whether stemming from a formal or informal relationship,

7

or that their relationship gave rise to the duty of loyalty. Instead, he argues that under Section 7.001, the Series Agreement eliminated his liability for breach of fiduciary duty.

But Section 7.001 does not eliminate liability for a breach of the duty of loyalty. Although it limits or eliminates the liability of a governing person of an LLC much of the time, the statute "does not authorize the elimination or limitation of the liability of a governing person to the extent the person is found liable under applicable law for: . . . a breach of the person's duty of loyalty, if any, to the organization or its owners or members." *See* Tex. Bus. Orgs. Code § 7.001(b), (c)(1), (d)(3). Marchiani's evidence-sufficiency sub-issue invokes two of the elements of a claim for breach of fiduciary duty—breach and causation.[3] Therefore, if the evidence supported the implied findings that Marchiani breached his fiduciary duty of loyalty, causing Shadle damages, then his Section 7.001 sub-issue and evidence-sufficiency sub-issue both fail. *See Cardwell v. Gurley*, No. 05-09-01068-CV, 2018 WL 3454800, at *9 (Tex. App.—Dallas July 18, 2018, pet. denied) (mem. op.) ("Liability for breach of the duty of loyalty is excepted from [Section 7.001]'s elimination or limitation of liability. Because the evidence supports the trial court's finding that Cardwell breached his fiduciary duty of loyalty to 121 Investments, we overrule Cardwell's fourth issue.").

---

[3] Shadle does not invoke the presumption of unfairness, which would cause a defendant in Marchiani's shoes to bear burdens of production and persuasion under the breach element of a fiduciary-duty claim. *See Jordan v. Lyles*, 455 S.W.3d 785, 792 (Tex. App.—Tyler 2015, no pet.) (discussing presumption generally); *Moore v. Texas Bank & Tr. Co.*, 576 S.W.2d 691, 695 (Tex. App.—Eastland 1979) (shifted burden caused by presumption), *rev'd on other grounds*, 595 S.W.2d 502, 507–11 (Tex. 1980) (still applying presumption of unfairness). We need not decide whether the presumption applied to Marchiani and should be considered on appeal because even if he bore no burden at all under the breach element, the evidence was still legally sufficient to support that element.

We conclude that the evidence was legally sufficient to support the trial court's implied findings that Marchiani breached his duty of loyalty to Shadle and that the breach caused Shadle damages.[4]  Marchiani's evidence-sufficiency arguments are simply that, (a) as to breach, "he did not breach any fiduciary duty" and, (b) as to causation, Shadle had no right to any money out of Series A because that entity had the power to "decide[] when and what funds are to be distributed," Marchiani "had sole managing authority of" Series A and "solely decided if and when to make distributions" from Series A, and he "never made such distribution."

For breach, the evidence, in the form of Shadle's testimony and the reasonable inferences it gave rise to, was legally sufficient.  The testimony and its reasonable inferences showed that rather than repaying Shadle for his extensions of credit or paying him the share of company profits that he was owed and that Marchiani said he would see paid, Marchiani diverted funds without Shadle's input from Series A to TTB Main—the former in which Shadle had an ownership interest and right to review accounts and the latter in which he did not.  Shadle also testified that Marchiani intended to do what he was doing.  The evidence was thus legally sufficient on breach.  *See Debrock v. Debrock*, No. 03-21-00308-CV, 2022 WL 17970214, at *5, *8–9, *15–17 (Tex. App.—Austin Dec. 28, 2022, pet. denied) (mem. op.); *Lundy v. Masson*, 260 S.W.3d 482, 504, 508–09 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

For causation, Marchiani's position amounts to a definitional attack on the evidence—he argues that the amounts that Shadle complains went unpaid were Series A company

---

[4]  We do not review these matters for factual sufficiency of the evidence because Marchiani in his briefing fails to invoke that standard and fails to explain how the evidence falls short of the factual-sufficiency standard.  *See* Tex. R. App. P. 38.1(i); *Bruce v. Cauthen*, 515 S.W.3d 495, 513 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Starkey v. Graves*, 448 S.W.3d 88, 93 n.1, 108 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

"distributions" and that the Series Agreement essentially gave Marchiani sole power to decide when distributions would be made. This position mistakes Shadle's fiduciary-duty claim for a contract claim. Whatever the Series Agreement may have barred Shadle from recovering in contract, claims for breach of fiduciary duty can entitle the successful plaintiff to lost profits and restoration of money paid, each as caused by the defendant's breach of a fiduciary duty owed. *See Miller v. Argumaniz*, 479 S.W.3d 306, 311 (Tex. App.—El Paso 2015, pet. denied) (lost profits); *Duncan v. Lichtenberger*, 671 S.W.2d 948, 953 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.) (restoration of money paid to defendant). Shadle testified about the amounts in lost profits or money paid that he lost because of Marchiani's acts and omissions in breaching the duty of loyalty. Because that evidence was legally sufficient on causation, we overrule this sub-issue. Because we have overruled the evidence-sufficiency sub-issue, Shadle has a successful claim for breach of the fiduciary duty of loyalty. Because he has such a successful claim, we, as noted above, also overrule the Section 7.001 sub-issue. *See Cardwell*, 2018 WL 3454800, at *9.

### B.    *Fiduciary-Duty Damages*

The remaining portion of Marchiani's third issue is an argument that Shadle cannot have judgment on the fiduciary-duty claim because the trial court did not award compensatory damages on the claim. Marchiani misunderstands that the judgment can be read as awarding compensatory damages for breach of fiduciary duty as well as compensatory damages for breach of contract, instead of awarding damages for only the latter.

The judgment awards discrete amounts for compensatory damages, exemplary damages, attorneys' fees, and conditional appellate fees but does not apportion the compensatory damages awarded by cause of action. Nevertheless, Marchiani contends that the award of

10

compensatory damages could not have been based on the fiduciary-duty claim.  He relies on Shadle's post-trial brief,[5] which puts forward a certain amount for requested fiduciary-duty damages and a certain amount for requested contract damages.  Both amounts were themselves made up of several discrete items of damages, each resulting from discrete injuries that Shadle argued that he had pleaded and proven.[6]  All of the discrete items of requested fiduciary-duty damages were also items of requested contract damages, and the request for contract damages included still other items as well.  Marchiani's position is that because the amount that the judgment awards for compensatory damages matches the total amount that the post-trial brief requested for contract damages, the judgment thus awards damages only for breach of contract and cannot also award any amount as compensatory damages on the fiduciary-duty claim.

But because the items of compensatory damages sought by Shadle for breach of contract and breach of fiduciary duty overlap, the judgment could have awarded the amounts that overlap as damages for the fiduciary-duty claim or, alternatively, for the contract claims.  It does not have to be the case that the overlapping amounts were *not* awarded for the fiduciary-duty claim.  In short, we cannot conclude that the award of compensatory damages is solely for breach of contract.

Marchiani's position thus does not show any error in the judgment, so we overrule this remaining sub-issue under his fiduciary-duty third issue.

---

[5]  The trial court requested that Shadle file that brief to lay out his damages model.

[6]  Marchiani concedes that neither the one-satisfaction rule nor "election of remedies" applies here.

## III.    Claim for Breach of the Guaranty

Marchiani's remaining appellate issues concern liability and damages for some of Shadle's claims of breach of contract but not his claim for breach of the personal guaranty in the Finance Agreement.  The guaranty claim is thus an unchallenged ground, so if it (plus the fiduciary-duty claim from above) can support the judgment, then we need not reach the rest of Marchiani's appellate issues.  *See Pallida, LLC v. Uballe*, No. 03-18-00365-CV, 2018 WL 6816680, at *4 (Tex. App.—Austin Dec. 28, 2018, no pet.) (mem. op.); *Britton v. Texas Dep't of Crim. Just.*, 95 S.W.3d 676, 681–82 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Marchiani's arguments under his remaining issues rely on two important premises—that the trial court ruled against Shadle on breach of the guaranty and that a claim of breach of guaranty is not a claim for breach of contract.  Because of these premises, Marchiani offers no argument on appeal to challenge the merits of the guaranty claim.  But the two premises are faulty, and the failure of either of them means that the guaranty claim should be viewed as a ground supporting the judgment.

Under the first premise, although he argues that the court ruled against Shadle on breach of guaranty, he does not do so based on any language in the judgment.  Indeed, the judgment makes its several monetary awards without saying which of Shadle's claims or theories were or were not the bases for the awards.  Instead, Marchiani relies on an email that the court sent to the parties before signing its written judgment explaining that the court was ruling in Shadle's favor on claims for breach of contract and breach of fiduciary duty and requesting the post-trial damages brief.  Marchiani argues that because the pre-judgment email does not mention breach of the guaranty, the judgment necessarily excludes any recovery for breach of the guaranty.

But the email does not control the later signed written judgment and thus cannot foreclose the latter from having based its awards on breach of the guaranty. *See Cherokee Water Co. v. Gregg Cnty. Appraisal Dist.*, 801 S.W.2d 872, 878 (Tex. 1990); *Moore v. Jet Stream Invs., Ltd.*, 315 S.W.3d 195, 208–09 (Tex. App.—Texarkana 2010, pet. denied). Thus, the email is no support for Marchiani's position that the judgment reflects a ruling against Shadle on breach of the guaranty, and the judgment could well have based its awards on that claim.

Marchiani's second premise is that claims for breach of a guaranty are mutually exclusive of claims for breach of contract. But he cites no authorities supporting this proposition, and our research has revealed only authorities that treat claims for breach of a guaranty as sounding in contract. *See, e.g.*, *Nwokenkwo v. JP Morgan Chase Bank, N.A.*, No. 14-22-00001-CV, 2023 WL 3115697, at *passim* (Tex. App.—Houston [14th Dist.] Apr. 27, 2023, pet. denied) (mem. op.); *Wasserberg v. Flooring Servs. of Tex., LLC*, 376 S.W.3d 202, 205–06 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 5 (Tex. App.—Dallas 1994, no writ); *Beddall v. Reader's Wholesale Distribs., Inc.*, 408 S.W.2d 237, 240 (Tex. App.—Houston 1966, no writ); *cf. International Printing Pressmen & Assistants' Union of N. Am. v. Smith*, 198 S.W.2d 729, 735 (Tex. 1946) (rules for deciding when claims sound in contract). We thus conclude that Marchiani is wrong to rely on the premise that a claim for breach of guaranty is so distinct from a claim for breach of contract that Shadle could not have been awarded judgment for breach of the guaranty even if the court's email controlled its judgment. Therefore, the email's mention of ruling in Shadle's favor on breach of contract could encompass ruling in Shadle's favor on breach of the personal guaranty.

With these two premises dispelled, Marchiani advances no other arguments attacking Shadle's claim for breach of the guaranty. We thus must affirm the relevant portions

13

of the judgment on the unchallenged ground that Marchiani was liable on the guaranty claim. *See Pallida*, 2018 WL 6816680, at \*4; *Britton*, 95 S.W.3d at 681–82; *see also Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) ("[T]he court of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error."). The guaranty ground and the fiduciary-duty ground are together sufficient to sustain the judgment, so we need not reach the rest of the issues.

## CONCLUSION

We affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Justices Baker, Kelly, and Smith

Affirmed

Filed: July 31, 2024

14